980 F.2d 745
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Virginia WORTHEN, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 92-3225.
 United States Court of Appeals, Federal Circuit.
 Oct. 26, 1992.
 
 MSPB
 AFFIRMED.
 MICHEL, PLAGER and LOURIE, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Virginia Worthen appeals a decision of the Merit Systems Protection Board (MSPB or Board), No. DA-0831-92-0013-I-1, affirming the Office of Personnel Management's (OPM) denial of her application for survivor annuity benefits because it was untimely. We affirm.
 
 DISCUSSION
 
 2
 Virginia Worthen married Melbourn Cook on December 1, 1945. They had one daughter and divorced on March 7, 1958. Worthen remarried; her second husband died on May 4, 1977. Cook never remarried, and was receiving retirement benefits from the federal government when he died on January 11, 1982.
 
 
 3
 The first time that Worthen wrote to OPM to inquire about survivor annuity benefits as the surviving widow of her former husband, Melbourn Cook, was May 1, 1991. OPM informed her on June 28, 1991 that she was not eligible because she did not apply before the May 8, 1989 deadline. On July 9, 1991 Worthen asked OPM to reconsider its decision because she did not know about the time limit. OPM's reply on September 12, 1991 again concluded that she was not eligible because she had not applied by the deadline.
 
 
 4
 On October 1, 1991 Worthen appealed OPM's decision to the MSPB, repeating that she had not known of the deadline. The MSPB Administrative Judge affirmed the decision, ruling that appellant did not apply within the time limits required by law, and that OPM had no authority to change or waive the deadline. On appeal, Worthen now asks us to waive the deadline because her failure to timely file was a "minor technicality" and not her fault.
 
 
 5
 Applying for survivor annuity benefits before the statutory deadline of May 8, 1989 is a required condition for eligibility which cannot be equitably tolled. 5 U.S.C. § 8341 note (1988); Iacono v. Office of Personnel Management, No. 92-3096, slip op. at 5 (Fed.Cir. Sept. 15, 1992); see Office of Personnel Management v. Richmond, 496 U.S. 414 (1989), reh'g denied, 111 S.Ct. 5 (1990). We cannot bend the law in individual cases; our duty is "to observe the conditions defined by Congress for charging the public treasury." Iacono, slip op. at 5 (quoting Schweiker v. Hansen, 450 U.S. 705, 788 (1981), which quotes Federal Crop Insurance Corp. v. Merrill, 332 U.S. 380, 385 (1947)). We therefore must affirm the Board's decision.
 
 
 6
 No costs.